UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HARRY WINSTON, INC., | Case No.: 2:08-CV-536 |
| and | |
| HARRY WINSTON, SA | Judge: Holschuh |
| Plaintiffs, | |
| | Magistrate Judge: King |
| v. | |
| CHARLES WINSTON LUXURY GROUP, LLC | |
| and | |
| THE LP WATCH GROUP | |
| and | |
| C.W.E. CONSULTING CORPORATION | |
| Defendants. | |

**FINAL CONSENT JUDGMENT GRANTING PERMANENT INJUNCTION
AND FINAL DISMISSAL OF ALL OTHER CLAIMS FOR RELIEF**

Plaintiffs Harry Winston, Inc. and Harry Winston S.A. (hereinafter collectively referred to as either "Harry Winston" or "Plaintiffs"), have filed an action styled *Harry Winston, Inc., et al. v. Charles Winston Luxury Group, LLC, et al.*, Case No. 2:08-cv-536, (S.D. Ohio) against Defendants Charles Winston Luxury Group, LLC ("CWLG") and The LP Watch Group ("LPWG") (collectively, "Defendants"), alleging trademark infringement under 15 U.S.C. § 1114, false designation of origin, passing off and false advertising under 15 U.S.C. § 1125(a), and dilution of famous marks (tarnishment) under 15 U.S.C. § 1125(c) (the "Lawsuit");

3161229v1

Plaintiffs own U.S. trademark Registration Nos. 848,629, 3,355,622, 3,079,120, 1,747,040 for the marks "Winston", "Harry Winston" and variants, and Registration No. 2,200,587 for the mark JEWELER TO THE STARS (the "Winston Trademark Registrations");

As used herein, the term "Winston Trademarks" means both: a) the common law trademarks and common law trade names that include the term "Winston"; and b) the trademarks shown in any U.S. Winston Trademark registrations now existing or hereafter registered, as applied to the goods in such registrations, which are not contested by Defendants;

Defendants have denied Plaintiffs' allegations and factual assertions and have moved to dismiss or transfer the Lawsuit on grounds of lack of personal jurisdiction and improper venue;

Plaintiffs and Defendants have reached a settlement of all claims asserted by Plaintiffs in the Lawsuit (the "Settlement Agreement") and have agreed to a Permanent Injunction as set forth in this Final Consent Judgment Granting Permanent Injunction and Final Dismissal of All Other Claims for Relief ("Consent Judgment"), without any admission of liability.

NOW THEREFORE, it is hereby:

ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the parties and subject matter of this action for the purpose of entering the Consent Judgment.

2. This Court shall retain exclusive jurisdiction over the parties and this action for the sole purpose of enforcing the compliance with both this Consent Judgment and the Settlement Agreement (attached hereto as Exhibit A) between Plaintiffs and Defendants and for such further orders and directions as may be necessary to effectuate the terms of the Consent Judgment and the Settlement Agreement.

3. Except as otherwise provided in this Consent Judgment, Defendants, each of their agents, servants, employees, officers, directors, shareholders, assigns, representatives, successors, and all persons in active concert or participation with them under either CWLG or LPWG Defendants' control, excepting Charles Winston individually and any entity associated with Charles Winston other than Defendants, are hereby ordered:

    (a) To cease use of any of the Winston Trademarks, or any variation of the word "Winston" specifically including, but not limited to, the use of the name "Winston" by itself as a trademark, trade name, corporate name or domain name;

    (b) To permanently refrain from attempting to obtain a federal trademark registration of any trademark for jewelry or watches or retail jewelry or watch store services (including online sales) that includes the word "Winston" or "Charles Winston";

    (c) To cease and permanently refrain from making any type of representation that Charles J. Winston is a celebrity jeweler or any words to that effect;

    (d) To cease and permanently refrain from selling any jewelry items under the name "Winston" by itself or in font or typestyle that uses the word "Winston" in larger size than the word "Charles";

    (e) To cease and permanently refrain from selling any watches or timepieces under the name "Charles Winston" or "Winston" or any other term that includes the word "Winston" as part of the name;

    (f) To cease and permanently refrain from selling any item under the "Charles Winston" name with a retail price that exceeds Nine Hundred Ninety-Nine Dollars ($999.00);

    (g) To cease and permanently refrain from using any of the Winston Trademarks for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or engage in acts or conduct that are likely to cause confusion as to the source, sponsorship, endorsement or affiliation of Defendants with Plaintiffs;

    (h) To cease using the name "Charles Winston" for jewelry: 1) four (4) years from the Effective Date of the Settlement Agreement; or 2) within three (3) years from the date of Charles J. Winston's death (provided that Defendants' use of "Charles Winston" not exceed four (4) years); or 3) upon Defendants entering into any written agreement with Charles J. Winston and/or any of his companies

3161229

to cease use of the name "Charles Winston"; or 4) upon any final decision of a court of competent jurisdiction that is not appealed which holds that Defendants have no right to use the name "Charles Winston" for jewelry, whichever happens first;

    (i)    To cease and permanently refrain from making any representation that Charles J. Winston is a relative of the late Harry Winston, that Charles J. Winston was trained or otherwise learned how to create or produce jewelry through his family relationship and/or brief work relationship with Harry Winston, or that Charles Winston has any connection with HWI; and

    (j)    Nothing contained herein shall in any way restrict Defendants' use of the initials "CW" as a brand, trade name or trademark or any variation thereof on jewelry, watches or any other product, except to the extent in conflict with the other terms set forth herein.

4.    Pursuant to the terms of the Settlement Agreement between the Parties, Plaintiffs shall not object to Defendants' use of the name and trademark "Charles Winston" for jewelry for four (4) years from the Effective Date of the Settlement Agreement ("Phase-Out period") or three (3) years from the date of Charles J. Winston's death (not to exceed the four year Phase-Out period) and provided Defendants are in compliance with each of the following three conditions:

    (1)    Defendants are in compliance with all terms and conditions of both this Consent Judgment and the Settlement Agreement, subject to the notice and cure provisions in the Settlement Agreement and the Consent Judgment; and

    (2)    No court of competent jurisdiction has entered a final order or judgment (which has not been appealed) that provides Defendants do not have the legal right to use the name or trademark "Charles Winston" for jewelry; and

    (3)    Defendants do not enter into any agreement with any non-related third party (including but not limited to Charles Winston) that: a) acknowledges that Defendants have no legal right to own or use the name "Charles Winston"; or (b) licenses, assigns, conveys, or otherwise transfers or alienates to any such party, any or all of Defendants' right, title and interest (which Defendants may now own or hereafter acquire) in the name and trademark "Charles Winston" or any variant thereof for jewelry, and/or Defendants' rights of persona, likeness and rights of publicity to Charles Winston.

3161229

5. In the event that Defendants are in breach of any of the above conditions, and such breach either cannot be cured (in the case of condition numbers 2 or 3 in Paragraph 4 above) or such breach is not cured within fifteen (15) business days after written notice of such breach is given to Defendants pursuant to the provisions below (in the case of condition number 1 in Paragraph 4 above), then Defendants' right under the Settlement Agreement and this Consent Judgment to continue using the name and trademark "Charles Winston" for the manufacturing, distribution and sale of jewelry shall end immediately and without further notice.

6. Plaintiffs shall not challenge Defendants' pending U.S. Trademark, applications for CELEBRITY STYLE and JEWELRY FOR THE CELEBRITY IN YOU (the "Celebrity Marks") in any proceeding, including any cancellation or infringement actions, provided that, beginning immediately, the Defendants cease using the Celebrity Marks with: a) the words WINSTON or CHARLES WINSTON; or b) with any photo or image or other rights of persona to or in CHARLES WINSTON. For purposes of illustration only without limitation, the Consent Judgment and Settlement Agreement do not prohibit Defendants from either (a) using a Celebrity Mark during the Phase-Out Period, provided that the web page, advertisement, marketing material or other document on which a Celebrity Mark appears does not also refer directly or indirectly to CHARLES WINSTON; or (b) using the Celebrity Marks with the initials "CW" or the given name CHARLES without the surname "Winston" or misspelling of the surname Winston.

7. As of the Effective Date of the Settlement Agreement, Plaintiffs have no knowledge that Defendants are in breach of any term or condition of this Agreement or the Consent Judgment , and Defendants' activities depicted on the attached Exhibit 3 to the

Settlement Agreement are not in breach of any term or condition of the Settlement Agreement or Consent Judgment.

IT IS FURTHER ORDERED that:

1. Except for the relief herein granted, the claims in this case including all other claims for relief are hereby dismissed with prejudice.

2. An action for breach or enforcement of the Settlement Agreement or violation of the Consent Judgment shall not be initiated by a complaining party until such party has first given written notice to the offending party of the breach and the offending party has failed to cure the breach within fifteen (15) business days of such notice.

3. Any notice required or permitted to be given under the Consent Judgment or the Settlement Agreement shall be in writing and shall be deemed sufficiently given (i) the following business day after having been timely sent by reputable overnight courier service for priority, next day delivery, (ii) upon confirmation of receipt by the recipient after having been sent by fax, in each case to the applicable party's street address or fax number as set forth below (as the same may be amended by such party upon written notice to the other), or by such other means as the parties may hereafter agree in writing, and shall only be effective if delivered to all addressees indicated as follows:

If to Plaintiffs:

Mr. Robert Scott
Chief Financial Officer
Harry Winston, Inc.
1330 Avenue of Americas
New York, New York 10019
Telephone: (212) 315-7917
Email: RScott@HarryWinston.com

3161229

<u>With a copy to:</u>

Joseph R. Dreitler, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus, OH  43215
Telephone:  (614)-227-2300
Facsimile:  (614) 227-2390
E-mail: jdreitler@bricker.com

<u>If to L.P. Watch Group and Charles Winston Luxury Group</u>:
David Koss
LP Watch Group
3301 North 29th Avenue
Hollywood, FL 33020
Facsimile:  (954) 922-5154

With a copy to:

Franklin Zemel, Esq.
c/o Arnstein & Lehr, LLP
200 East Las Olas Boulevard
17th Floor
Ft. Lauderdale, FL 33301
Telephone:  (954) 713-7600
Facsimile:  (954) 713-7710
Email: FLZemel@arnstein.com

4. All parties shall pay their own attorney's fees and costs.

5. Plaintiffs and Defendants have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity; provided, however, that nothing contained herein shall preclude Defendants from objecting to,

challenging or appealing any subsequent orders with respect to the enforcement, breach or interpretation of the Settlement Agreement and/or the Consent Judgment.

Dated: __9-29-09__

*John D. Holschuh*
United States District Judge

STIPULATED AS TO FORM:

*Kathryn K. Przywara*
Kathyrn K. Przywara
Dinsmore & Shohl, LLP
255 E. 5th Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8163
Facsmile: (513) 977-8141
Counsel for Defendants
Charles Winston Luxury Group, LLC
and The LP Watch Group
OF COUNSEL:
Franklin Zemel
Arnstein & Lehr, LLP
200 East Las Olas Boulevard
17th Floor
Ft. Lauderdale, FL 33301
Telephone: 305-374-3330
Facsimile: 305-384-4747

*Joseph R. Dreitler*
Joseph R. Dreitler  (0012441)
Mary R. True  (0046880)
Bricker & Eckler
100 S. Third St.
Columbus, OH 43215
Telephone: (614) 227-2343
Facsimile: (614) 227-2390
Counsel for Plaintiffs
Harry Winston, Inc., and
Harry Winston, S.A.

1664268v8